Sullivan,
Dec. 3, 1940. } No. 3202.

RUTH C. WHITHAM, *Adm'x v.* MORRIS A. GELLIS.

*Norris Cotton* and *Atlee Zellers*, by brief, for the plaintiff.

*Albert D. Leahy*, for the defendant, filed no brief.

*Per Curiam.*  While the decedent's errand was not a part of his work, the finding that it was a natural incident of it is construed to mean that it was not a departure from it.  Taking into account the nature of his errand which called for no time or distance amounting to an absence in breach of the terms of his employment, the conclusion is that the accident arose out of as well as in the course of the employment.  It was his duty to be on hand, and it was while on duty and in connection with the duty that the accident occurred.  While engaged in employment an employee's conduct in matters of a personal nature reasonably to be undertaken and not expressly forbidden is as much in the course of the employment as when he is actually performing the work of the employment, and accidents sustained in such conduct arise as much out of the employment as when he is actually doing the work for which he is hired.  The service is not interrupted.  One, though not the only, cause of the decedent's accident was his employment within the course of which he was acting at the time.  The case of *Gallienne* v. *Company*, 88 N. H. 375, affirmed in *Snook* v. *Portsmouth*, 90 N. H. 441, supports this view of the incidents of an employee's service.  The case of *Perkins* v. *Company*, *ante* 211, is also in accord on this point.

*Case discharged.*